# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-100-LRR |
| vs. | **ORDER** |
| DONALD K. WASHBURN, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Donald K. Washburn's "Motion to Sever Counts 1-36 from Counts 37-49 for Trial" ("Motion") (docket no. 55).

## II. RELEVANT PROCEDURAL HISTORY

On September 28, 2011, the government filed a forty-nine count Second Superseding Indictment (docket no. 47) against Defendant. Counts 1 through 8 charge Defendant with committing wire fraud for the purpose of executing and attempting to execute a scheme and artifice to defraud and obtain money by means of false and fraudulent representations and promises in violation of 18 U.S.C. § 1343. The alleged scheme involved fraudulently obtaining investments for a dice game called Dibocca. Counts 1 through 8 also contain a forfeiture allegation.

Counts 9 through 31 charge Defendant with committing wire fraud for the purpose of executing and attempting to execute a scheme and artifice to defraud and obtain money by means of false and fraudulent representations and promises in violation of 18 U.S.C. § 1343. The alleged scheme involved fraudulently obtaining investments for a mining business. Counts 9 through 31 also contain a forfeiture allegation.

Counts 32 through 36 charge Defendant with knowingly engaging, causing and attempting to engage in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957. The alleged financial transactions each involved wire fraud proceeds in excess of $10,000. Counts 32 through 36 also contain a forfeiture allegation.

Finally, Counts 37 through 49 charge Defendant with knowingly and willfully making false and fraudulent material statements, representations and omissions to the United States Probation Office ("USPO") in connection with the USPO's supervision of Defendant in violation of 18 U.S.C. § 1001(a). Specifically, Defendant allegedly failed to disclose expenditures, cash inflows and amounts received, falsely claimed he did not have a checking/saving account, falsely claimed he had not opened any new checking, saving or line of credit accounts and failed to disclose his employment with Iron Ore International LLC.

On October 10, 2011, Defendant filed the Motion, which requests that the court sever Counts 1 through 36 from Counts 37 through 49. On October 13, 2011, the government filed a Resistance (docket no. 58). On October 17, 2011, the undersigned held a hearing on the Motion. Assistant United States Attorneys Matthew J. Cole and Rebecca Goodgame Ebinger represented the government. Guy R. Cook and Bob Barr represented Defendant. Defendant was personally present. The court finds the Motion is fully submitted and ready for decision.

### III. ANALYSIS

#### A. Federal Rule of Criminal Procedure 8

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005); *accord United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). Under Rule 8, an "indictment or information may charge a defendant in separate counts with [two] or more offenses if the offenses charged . . . are

of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "'The rules are to be liberally construed in favor of joinder.'" *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011) (quoting *Ruiz*, 412 F.3d at 886); *see also United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008) ("The rule is broadly construed in favor of joinder to promote the efficient administration of justice.").

In this case, Defendant does not argue that Counts 1 through 49 are improperly joined under Rule 8, and the court finds that joinder is proper. The wire fraud and money laundering charges and the false statements to the USPO charges are "factually interrelated," *Darden*, 70 F.3d at 1527, and based upon the same acts and transactions. For example, several of Defendant's alleged false statements to the USPO relate to expenditures made and monies received as part of his Dibocca and mining business schemes. *See, e.g.*, Indictment at 12 (charging Defendant with causing a victim to transfer $20,000 into the bank account of Defendant's spouse on February 17, 2009 as part of the wire fraud charges); *id.* at 21 (charging Defendant with failing to disclose $20,000 under "other cash inflows" on his February 2009 Monthly Supervision Report as part of the false statements charges). Thus, the court finds that joinder is proper under Rule 8.

### B. Federal Rule of Criminal Procedure 14

Even if charges are properly joined under Rule 8, Federal Rule of Criminal Procedure 14 grants the court the discretion to "order separate trials of counts" when the "joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a); *see also Garrett*, 648 F.3d at 625 ("[A] district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges."). A district court possesses broad discretion as to whether to grant or deny a motion to sever an indictment. *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009) (reviewing for an abuse of discretion); *United States v. Robaina*, 39 F.3d 858, 861

(8th Cir. 1994) ("A motion to sever is addressed to the sound discretion of the district court."). Rule 14 provides relief only where a defendant will be prejudiced by a joint trial. Such prejudice must be "'severe or compelling.'" *United States v. Kirk*, 528 F.3d 1102, 1108 (8th Cir. 2008) (quoting *Ruiz*, 412 F.3d at 886). "Severe prejudice occurs when a defendant is deprived of 'an appreciable chance for an acquittal,' a chance that defendant 'would have had in a severed trial.'" *Id.* (quoting *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir. 1999)). The burden is on a defendant to establish prejudice. *See Garrett*, 648 F.3d at 626; *Darden*, 70 F.3d at 1527.

There is a strong presumption in the law in favor of joinder and against severance. *See, e.g.*, *Ruiz*, 412 F.3d at 886 ("The presumption against severing properly joined cases is strong . . . ."); *Darden*, 70 F.3d at 1526 (stating that Rules 8 and 14 should be construed in favor of joinder). It is well-settled that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Consequently, district courts rarely grant relief under Rule 14. *See, e.g.*, *United States v. Lucas*, No. 06-CR-1047, 2007 WL 172009 (N.D. Iowa Jan. 17, 2007) (Reade, J.), *aff'd*, 521 F.3d 861 (8th Cir. 2008); *United States v. Cooper*, No. 06-CR-35, 2006 WL 2095217 (N.D. Iowa July 26, 2006) (Reade, J.); *United States v. Hewett*, No. CR99-3012, 2000 WL 34031794 (N.D. Iowa Apr. 24, 2000) (Bennett, C.J.). This is due, in part, to the fact that it is readily apparent that Iowa jurors effectuate justice even when the indictment and jury instructions are long and complicated. *Cf. Hewett*, 2000 WL 34031794, at *12 ("It must be recalled that there is a presumption that the jury will be able to sort out the evidence applicable to each defendant and render its verdict accordingly." (quoting *United States v. Moreno*, 933 F.2d 362, 370 (6th Cir. 1991)) (internal quotation marks omitted)).

In this case, Defendant requests that the court sever Counts 1 through 36—the wire fraud and money laundering charges and accompanying forfeiture allegations—from Counts 37 through 49—the false statements to the USPO charges. Defendant contends that he will suffer prejudice for two reasons: (1) joinder of the charges will interfere with his constitutional right to testify; and (2) joinder of the charges will allow the jury to use evidence admissible in Counts 37 through 49 to improperly infer that he is guilty on Counts 1 through 36. The court will address each issue in turn.

### 1. *Right to testify*

Defendant first argues that joinder of the offenses will interfere with his constitutional right to testify. Specifically, Defendant contends that he "has a defense" to Counts 37 through 49 and that "his testimony is important and necessary to raise and assert that defense." Defendant's Mem. in Supp. of Motion ("Defendant's Br.") (docket no. 55-1) at 5. Defendant, however, "may very well wish to exercise his right to not testify on the other counts." *Id*. Thus, Defendant argues, "The [Second Superseding I]ndictment as presented unfairly and impermissibly places [him] in a Catch-22." *Id*.

A defendant may suffer prejudice if he or she must forfeit his or her right to testify on one charge to avoid cross-examination on another charge. *See United States v. Lewis*, 547 F.2d 1030, 1033 (8th Cir. 1976). It is well-established that, "[i]n order to gain a severance, a defendant must make a persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts." *United States v. Possick*, 849 F.2d 332, 338 (8th Cir. 1988); *see also Closs v. Leapley*, 18 F.3d 574, 578-79 (8th Cir. 1994) (holding that the defendant did not suffer undue prejudice where he failed to detail his proposed testimony on one count and did not explain why he needed to refrain from testifying on the other counts); *United States v. Smith*, 919 F.2d 67, 68 (8th Cir. 1990) (per curiam) (same). A defendant is required to make such a showing "to satisfy the court that the claim of prejudice is

5

genuine and to enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying." *United States v. Jardan*, 552 F.2d 216, 220 (8th Cir. 1977) (quoting *Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968)) (internal quotation marks omitted).

Here, Defendant "failed to make the requisite showing," *Possick*, 849 F.2d at 338. Defendant merely alleges that he "has a defense" to Counts 37 through 49 and that he "may very well wish to exercise his right to not testify on the other counts." Defendant's Br. at 5. Defendant has not provided the court with sufficient information to determine whether his claim of prejudice is genuine and to determine whether such prejudice would outweigh concerns for judicial economy. In fact, Defendant does not even allege that he cannot testify on Counts 1 through 36; rather, he merely alleges that he *may* wish to not testify on those counts. Accordingly, the court finds this claim to be unpersuasive.

### *2. Prejudicial evidence*

Next, Defendant argues that "a joint trial unfairly bolsters the government's case by allowing admission of an impermissible amount of powerfully incriminating character evidence of a prior conviction from which the jurors will likely infer present guilt." Defendant's Br. at 5-6. Specifically, Defendant argues that a jury would improperly use his prior conviction for wire fraud and money laundering, *see United States v. Washburn*, 444 F.3d 1007 (8th Cir. 2006), which would be admissible in Counts 37 through 49, to find him guilty of wire fraud and money laundering under Counts 1 through 36. Defendant seems to acknowledge that the prior conviction may be evidence of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" under Federal Rule of Evidence 404(b). However, he contends that the court would exclude the prior conviction in a separate trial on Counts 1 through 36 because the

6

"prejudicial impact [of the prior conviction] would outweigh any probative value." Defendant's Br. at 7.[1]

"'Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together.'" *Taken Alive*, 513 F.3d at 903 (quoting *United States v. Rodgers*, 732 F.2d 625, 630 (8th Cir. 1984)). In this case, the issue is whether Defendant's prior conviction for wire fraud and money laundering would be admissible in a separate trial on Counts 1 through 36. If it would be admissible, then Defendant will not suffer undue prejudice from a joint trial on Counts 1 through 49.

Rule 404(b) provides that while evidence of other crimes is not admissible to show a defendant's propensity to commit crime, such evidence may be admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Defendant's prior conviction for wire fraud and money laundering would be admissible under Rule 404(b) in a separate trial on Counts 1 through 36. Defendant's prior conviction entailed a scheme almost identical to the current Dibocca scheme charged in Counts 1 through 8, and, thus, evidence of the prior crime would clearly "be probative of motive, intent, plan, identity, and absence of mistake." Government's Mem. in Supp. of Resistance (docket no. 58-1) at 9.

However, the court's analysis does not end there. Rule 404(b) must be read in conjunction with Rule 403. Fed. R. Evid. 404(b) advisory committee's note. Rule 403 provides that relevant evidence may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Here, the probative

---

[1] Although Defendant does not cite Federal Rule of Evidence 403, the court presumes that Defendant is arguing that Rule 403 would bar admission of his prior conviction in a separate trial on Counts 1 through 36. *See United States v. Maxwell*, 643 F.3d 1096, 1102 (8th Cir. 2011).

7

value of the prior conviction is considerable. The similarity between Defendant's past conviction and his current charges makes his prior conviction "especially probative" on the question of his motive, intent, plan, identity and absence of mistake. *United States v. Shillingstad*, 632 F.3d 1031, 1035 (8th Cir. 2011) (holding that "[t]he danger of unfair prejudice did not substantially outweigh the probative value" of the defendant's prior tribal convictions because "the close similarity of the prior incidents made the evidence especially probative on the question of [the defendant's] intent and the absence of accident"); *see also United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) (finding that evidence of a prior assault was highly probative because it was "quite similar" to the defendant's current assault charge, and, thus, the risk of unfair prejudice did not substantially outweigh the probative value of the prior assault). While the court does not doubt that Defendant would suffer some prejudice if the court admitted his prior conviction into evidence in a separate trial on Counts 1 through 36, the court cannot say that such prejudice would outweigh the highly probative value of that evidence. The court further notes that any prejudice could be lessened by an appropriate jury instruction. *See Littlewind*, 595 F.3d at 881 ("[T]he risk [of unfair prejudice] was adequately reduced by two cautionary instructions from the district court . . . .").

Thus, since Defendant's prior conviction would be admissible in a separate trial on Counts 1 through 36, Defendant will not be unduly prejudiced by the joinder of Counts 1 through 49. In the event he proceeds to trial, any prejudice to Defendant's case will be adequately lessened when the court instructs the jury on the appropriate use of Rule 404(b) evidence. Accordingly, the court finds this claim to be unpersuasive.

### *IV. CONCLUSION*

In light of the foregoing, the court finds that Defendant has failed to demonstrate that he will be severely prejudiced by the joinder of Counts 1 through 36 and Counts 37

through 49, and, thus, the court declines to sever the charges. Defendant's "Motion to Sever Counts 1-36 from Counts 37-49 for Trial" (docket no. 55) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 31st day of October, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA