# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DONALD K. WASHBURN, Defendant. | No. 11-CR-100-LRR<br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is the government's "Motion Requesting a Preliminary Ruling on Admissibility of Evidence" ("Motion") (docket no. 68).

## *II. RELEVANT PROCEDURAL HISTORY*

On September 27, 2011, the grand jury returned a forty-nine count Second Superceding Indictment (docket no. 47) against Defendant Donald K. Washburn. On October 3, 2011, Defendant waived his right to appear at the arraignment and pled not guilty to all counts of the Second Superceding Indictment. *See* Written Waiver of Personal Appearance at Arraignment (docket no. 52). On December 16, 2011, Defendant signed a plea agreement, in which he agreed to plead guilty to Counts 13 and 46 of the Second Superceding Indictment, respectively charging Defendant with committing wire fraud, in violation of 18 U.S.C. § 1343, and making false statements to the United States Probation Office, in violation of 18 U.S.C. § 1001.

On January 11, 2012, Assistant United States Attorney Matthew J. Cole notified the court that the parties had entered into a plea agreement. *See* Rule 11 Letter (docket no. 64). The court scheduled a change of plea hearing for January 17, 2012. On January 16, 2012, Defendant sought a continuance of the change of plea hearing due to a medical condition. *See* Motion for Continuance (docket no. 65). On January 17, 2012, the court

granted Defendant's request for a continuance, directed Defendant to contact the court to reschedule the change of plea hearing and explained that "[i]f Defendant fails to plead guilty for any reason, then the matter will proceed to trial" on February 13, 2012. Order (docket no. 66) at 2. On January 19, 2012, Defendant decided not to plead guilty.

On January 20, 2012, the government filed the Motion, which asks the court to rule on whether stipulated facts from Defendant's plea agreement are admissible at trial. On January 27, 2012, Defendant filed a Resistance. The court finds that a hearing is unnecessary. The matter is fully submitted and ready for decision.

### III. ANALYSIS

#### A. *Plea Agreement*

Defendant signed the plea agreement and initialed every paragraph and subparagraph of the plea agreement. The plea agreement states:

> Defendant will plead guilty to Counts 13 and 46 of the Second Superceding Indictment filed on September 28, 2011. Count 13 charges wire fraud, in violation of Title 18 U.S.C. § 1343, and Count 46 charges false statement, in violation of Title 18 U.S.C. § 1001. Defendant also agrees to the entry of a judgment of forfeiture in the amount of $325,375 pursuant to the wire fraud forfeiture allegation included in the Second Superceding Indictment.

Gov. Ex. 1 (docket no. 68-2) at 1.

The plea agreement also states:

> By initialing each of the following paragraphs, [D]efendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for [D]efendant's guilty plea and sentence. Defendant has been advised by [D]efendant's attorney of [D]efendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against [D]efendant at any time in any proceeding should [D]efendant violate or refuse to follow through on this plea agreement, regardless of whether

2

> the plea agreement has been accepted by the [c]ourt. Defendant agrees that the stipulation below is a summary of the facts against [D]efendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the [c]ourt in accordance with this agreement.

*Id.* at 3.

The plea agreement continues by setting forth a detailed stipulation of facts and explains the consequences of a breach of the plea agreement. More specifically, the plea agreement states:

> If [D]efendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If [D]efendant does breach this agreement, [D]efendant faces the following consequences: (1) all testimony and other information [D]efendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the [c]ourt, or to the federal grand jury may and will be used against [D]efendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against [D]efendant and to use any information obtained directly or indirectly from [D]efendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

*Id.* at 16. Defendant also initialed paragraphs of the plea agreement stating that his counsel provided competent representation and that Defendant entered into the plea agreement freely and voluntarily. *Id.* at 17-18.

### *B. Applicable Law*

Pursuant to Federal Rule of Criminal Procedure 11(f), "[t]he admissibility or

inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." In turn, Federal Rule of Evidence 410 states:

> (a) Prohibited Uses. In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
>
> > (1) a guilty plea that was later withdrawn;
> >
> > (2) a nolo contendere plea;
> >
> > (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
> >
> > (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.
>
> (b) Exceptions. The court may admit a statement described in Rule 410(a)(3) or (4):
>
> > (1) in any proceeding in which another statement made during the same plea or plea discussions has been introduced, if in fairness the statements ought to be considered together; or
> >
> > (2) in a criminal proceeding for perjury or false statement, if the defendant made the statement under oath, on the record, and with counsel present.

Thus, "[u]nder Rule 410, statements made in the course of plea negotiations are inadmissible against the defendant." *United States v. Quiroga*, 554 F.3d 1150, 1154 (8th Cir. 2009). "This right of the defendant, however, is waivable by agreement, unless there is 'some affirmative indication that the agreement was entered into unknowingly or involuntarily.'" *Id.* (quoting *United States v. Young*, 223 F.3d 905, 909-10 (8th Cir. 2000)).

### C. *Parties' Arguments*

The government argues that Defendant knowingly and voluntarily waived his rights

4

under Rule 410 and that Defendant's failure to plead guilty constitutes a violation of the plea agreement. Because the plea agreement that Defendant signed explicitly states that all stipulations therein are admissible upon a breach of the plea agreement, the government maintains that the stipulations in the plea agreement are now admissible. The government further argues that, even if Defendant did not breach the plea agreement, he expressly waived his rights under Rule 410 and agreed that, if he failed to follow through with the plea agreement, the government could use all of the stipulations therein against Defendant. Thus, the government argues that under the circumstances of this case, where Defendant has elected to plead not guilty and go to trial, the government should be able to use the stipulations in the plea agreement against Defendant.

In the Resistance, Defendant recognizes that the Eighth Circuit Court of Appeals has held that a defendant's rights under Rule 410 are waivable. Nonetheless, Defendant argues that the court should find such rights are not waivable pursuant to the Fifth Amendment of the United States Constitution. Defendant also argues that the court should find that the plea agreement stipulations are inadmissible pursuant to Federal Rule of Evidence 403 because the evidence would be prejudicial, cumulative and would result in confusion of the issues. Finally, Defendant maintains that, "[i]f the [g]overnment is allowed to use stipulations from a proposed plea agreement for purposes other than impeachment, defendants, who, often for very good reasons, elect not to enter a plea as proposed, will be further disincentivized from entering into plea agreements in the first place." Memorandum in Support of Resistance (docket no. 71-1) at 6.

### D. Discussion

#### 1. Waiver

As discussed above, the Eighth Circuit Court of Appeals has affirmatively held that a defendant's knowing and voluntary waiver of his or her Rule 410 rights in a plea agreement is valid and enforceable. *See Quiroga*, 554 F.3d at 1154-57. Under the terms

5

of the plea agreement that Defendant signed, he agreed to plead guilty to two counts of the Second Superceding Indictment. The plea agreement states:

> Defendant has been advised by [D]efendant's attorney of [D]efendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against [D]efendant at any time in any proceeding should [D]efendant violate or refuse to follow through on this plea agreement . . . .

Gov. Ex. 1 at 3. The plea agreement also provides that, "[i]f [D]efendant does breach this agreement, [D]efendant faces the following consequences: (1) all testimony and other information [D]efendant has provided at any time (including any stipulations in this agreement) . . . may and will be used against [D]efendant in any prosecution or proceeding." *Id.* at 16.

The court finds that, under the terms of the plea agreement, Defendant waived his rights under Rule 410. Defendant does not argue that his waiver was made involuntarily or unknowingly. Consequently, pursuant to applicable Eighth Circuit precedent, Defendant's waiver is valid and enforceable and the stipulations in the plea agreement are admissible. *See Quiroga*, 554 F.3d at 1154-57; *see also United States v. Mayer*, 748 F. Supp. 2d 1022 (N.D. Iowa 2010) (finding Rule 410 waiver in plea agreement enforceable). The court declines Defendant's invitation to ignore Eighth Circuit precedent and hold that such waivers would constitute a violation of the Fifth Amendment or would cause "a chilling effect on future defendants' incentive to enter into plea agreements." Memorandum in Support of Resistance at 6.

### 2. *Rule 403*

Defendant also asks the court to exclude the stipulations under Federal Rule of Evidence 403, which states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more

6

> of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Defendant maintains that the court should exclude the plea agreement stipulations because the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusion of the issues and presentation of cumulative evidence.

"'A district court enjoys wide discretion in ruling on the admissibility of proffered evidence . . . .'" *United States v. Augustine*, 663 F.3d 367, 372 (8th Cir. 2011) (quoting *Vasquez v. Colores*, 648 F.3d 648, 652 (8th Cir. 2011)) (internal quotation marks omitted). "All evidence is inherently prejudicial." *Heimlicher v. Steele*, 615 F. Supp. 2d 884, 927 (N.D. Iowa 2009). "Rule 403 does not exclude all prejudicial evidence but only 'protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.'" *Augustine*, 663 F.3d at 372 (quoting *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir.1981) *aff'd on other grounds*, 461 U.S. 30 (1983)); *see also United States v. Mahasin*, 442 F.3d 687, 690 (8th Cir. 2006) ("'The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997))). "[U]nder Rule 403 the general rule is that the balance should be struck in favor of admission . . . ." *Augustine*, 663 F.3d at 373 (quoting *United States v. Levine*, 477 F.3d 596, 603 (8th Cir. 2007)).

After conducting the balancing inquiry that Rule 403 requires, the court concludes that the probative value of the stipulations is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or the needless presentation of cumulative evidence. The court finds that Defendant has not demonstrated that evidence of the stipulations would cause the jury to find Defendant's "guilt on a ground different from proof specific to the offense charged." *Mahasin*, 442 F.3d at 690 (quoting Old Chief, 519

U.S. at 180) (internal quotation marks omitted). Furthermore, the court rejects Defendant's argument that, if admitted, the jury would apply the evidence of the plea agreement stipulations to its consideration of all of the counts in the Second Superceding Indictment. The court presumes that jurors are capable of following limiting instructions and declines to hold otherwise. *See Katzenmeier v. Blackpowder Prods., Inc.*, 628 F.3d 948, 952 (8th Cir. 2010) ("[J]uries are presumed to be able to follow and understand the court's instructions."). Finally, Defendant has failed to demonstrate that the probative value of the plea agreement stipulations is substantially outweighed by the danger that the government will present needlessly cumulative evidence. In fact, admission of the stipulations might have the opposite effect of streamlining the government's presentation of evidence. For all of these reasons, the court declines to exclude the evidence of the plea agreement stipulations pursuant to Rule 403.

## *IV. CONCLUSION*

For the foregoing reasons, the government's Motion Requesting a Preliminary Ruling on Admissibility of Evidence (docket no. 68) is **GRANTED**.

**IT IS SO ORDERED**.

**DATED** this 30th day of January, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA