# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-100-LRR |
| vs. | **ORDER** |
| DONALD K. WASHBURN, | |
| Defendant. | |

_____

The matter before the court is Defendant Donald K. Washburn's "Motion in Limine" ("Motion") (docket no. 85), which Defendant filed on February 6, 2012. The court finds it unnecessary to wait for the government to respond. The Motion is untimely. *See* Criminal Trial Scheduling Order (docket no. 9) at 2 ("All trial-related motions, including motions in limine, must be served and filed as soon as practicable, but at least 14 days before the commencement of trial." (emphasis omitted)). Furthermore, pursuant to Local Rule 7, "[f]or every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies." LR 7(d); *see also* LR 7(a) (noting that the term "motion" applies to both civil and criminal motions); LCrR 47(a) ("Local Rule 7 governs motion procedure in criminal cases . . . ."). Defendant did not file a brief in support of the Motion.

Even if the Motion was timely and Defendant had filed a brief in support of the Motion, the court would nevertheless deny the Motion. Defendant does not list any specific "prior criminal history" that he seeks to exclude from evidence. If Defendant is referring to his prior conviction for wire fraud and money laundering, *see United States v. Washburn*, No. 03-CR-113-LRR (N.D. Iowa May 16, 2005), *aff'd*, 444 F.3d 1007 (8th Cir. 2006), the court previously found that the conviction is admissible under Rule 404(b)

and that the probative value of the conviction is not outweighed by unfair prejudice. *See* Order (docket no. 62) at 6-8.

For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 7th day of February, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA