# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-100-LRR |
| vs. | **ORDER** |
| DONALD K. WASHBURN, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is the forfeiture allegations in the Second Superseding Indictment ("Indictment") (docket no. 47).

## II. RELEVANT PROCEDURAL BACKGROUND

On September 28, 2011, the government filed a forty-nine count Indictment against Defendant Donald K. Washburn. Counts 1 through 31 of the Indictment charged Defendant with wire fraud in violation of 18 U.S.C. § 1343. Counts 32 through 36 charged Defendant with engaging, causing to engage and attempting to engage in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957. Finally, Counts 37 through 49 charged Defendant with making false and fraudulent material statements, representations and omissions to the United States Probation Office in violation of 18 U.S.C. § 1001(a).

The Indictment also contained forfeiture allegations. Specifically, the Indictment alleged that Defendant should forfeit to the United States "any property, real or personal, which constitutes or is derived from proceeds traceable" to the wire fraud offenses. Indictment at 7, 17. Such forfeiture is authorized by 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461(c). The Indictment also alleged that Defendant should forfeit to the United States "any property, real or personal, involved in [the money laundering offenses], and any property traceable to such property." Indictment at 19. Such forfeiture is authorized by 18 U.S.C. § 982(a)(1).

On February 22, 2012, a jury found Defendant guilty of Counts 1 through 8, 10 through 30 and 32 through 49 of the Indictment.[1] On April 26, 2012, the government filed a "Brief in Support of Forfeiture" (docket no. 148). On May 17, 2012, Defendant filed a Resistance (docket no. 151). On May 29, 2012, the court held a hearing. Assistant United States Attorney Matthew J. Cole represented the government. Defendant appeared in court with his attorney, Adam Zenor. Defense attorneys Bob Barr and Lee Pruitt appeared telephonically. The court finds that the matter is fully submitted and ready for decision.

### III. ANALYSIS

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(A):

> As soon as practical after a verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. . . . If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Fed. R. Crim. P. 32.2(b)(1)(A). The government requests that the court order Defendant to forfeit a total of $983,060.24—$796,330 of which represents the proceeds of Defendant's wire fraud offenses and $186,730.24 of which represents the money involved in Defendant's money laundering offenses. In his Resistance, Defendant argues that the

---

[1] Prior to the jury retiring to deliberate, Defendant elected to have the court decide the forfeiture allegations in the event the jury returned guilty verdicts. *See* Fed. R. Crim. P. 32.2(b)(5)(A).

court should order Defendant to forfeit "no more than $427,330.00." Resistance at 3. The court shall first address Defendant's arguments as they relate to the wire fraud counts and then address Defendant's arguments as they relate to the money laundering counts.

### A. Wire Fraud Counts

In connection with the dice game, or "Dibocca," scheme, the government alleges that Defendant should forfeit a total of $496,330: $324,000 under Count 1; $75,000 under Count 2; $59,000 under Count 4; $31,000 under Count 5; and $7,330 under Count 6. In connection with the mining scheme, the government alleges that, consistent with Defendant's stipulation, Defendant should forfeit at least $300,000 under Counts 10 through 30.

In his Resistance, Defendant contends that the court should not require him to forfeit the $324,000 under Count 1 because it "was a fee paid for a DiBocca licensing agreement" and, thus, was "a bargained-for exchange of money for intellectual property." Resistance at 1. Furthermore, Defendant argues that the $75,000 under Count 2 should be reduced to $30,000 because Defendant spent $45,000 in the manner he represented to the investor—he used it to obtain a CUSIP number. Defendant does not contest the forfeiture allegations under Counts 4 through 6 and Counts 10 through 30.

Pursuant to 28 U.S.C. § 2461(c):

> If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment . . . . If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case . . . .

28 U.S.C. § 2461(c); *United States v. Jennings*, 487 F.3d 564, 584-85 (8th Cir. 2007) (discussing 28 U.S.C. § 2461(c)). Civil forfeiture of wire fraud proceeds is authorized by 18 U.S.C. § 981(a)(1)(C). Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real

or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C. § 1956(c)(7)])" is subject to forfeiture. 18 U.S.C. § 981(a)(1)(C). "Specified unlawful activity" includes wire fraud. *See* 18 U.S.C. § 1956(c)(7) (incorporating by reference the offenses in 18 U.S.C. § 1961(1)). "[T]he term 'proceeds' means the amount of money acquired through the illegal transactions resulting in the forfeiture, less the direct costs incurred in providing the goods or services." 18 U.S.C. § 981(a)(2)(B). A preponderance of the evidence standard applies to forfeitures under 28 U.S.C. § 2461(c). *See* 28 U.S.C. § 2461(c) (stating that the procedures outlined in 21 U.S.C. § 853 apply to criminal forfeiture proceedings under 28 U.S.C. § 2461(c)); *United States v. Bieri*, 21 F.3d 819, 822 (8th Cir. 1994) (holding that a preponderance of the evidence standard applies to criminal forfeiture proceedings under 21 U.S.C. § 853); *cf. United States v. Myers*, 21 F.3d 826, 829 (8th Cir. 1994) (holding that a preponderance of the evidence standard applies to forfeitures under 18 U.S.C. § 982(a)(1)).

The court finds that the government has proven by a preponderance of the evidence that a total of $796,330 represents the proceeds of the wire fraud offenses. Insofar as Defendant is arguing that he did not engage in fraudulent activity, the court has already determined that there is sufficient evidence to uphold the jury's guilty verdicts, *see* Order (docket no. 152) at 18-29, and the court incorporates those findings herein. Furthermore, the court rejects Defendant's arguments that the money at issue in Counts 1 and 2, or some portion thereof, should not be forfeited because Defendant used the money in the manner he represented to the victim. Defendant obtained $324,000 as a direct result of his commission of the offense charged in Count 1 and he obtained $75,000 as a direct result of his commission of the offense charged in Count 2. Other than the bare allegation that he spent $45,000 acquiring a CUSIP number, Defendant has presented no evidence that he incurred any direct costs. *See United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir.

2011) (holding that the gross revenues from the defendant's eBay sales were subject to forfeiture as direct proceeds of the defendant's mail fraud offense and there was no evidence that the defendant incurred any direct costs in acquiring the proceeds). Thus, the court finds that a total of $796,330 represents the proceeds of the offenses charged under Counts 1, 2, 4 through 6 and 10 through 30.

### B. *Money Laundering Counts*

In connection with the money laundering counts, the government alleges that Defendant should forfeit a total of $186,730.24 under Count 32 and Counts 34 through 36. In his Resistance, Defendant contends that, regarding Count 36, he used the money in the manner he represented to the investor, and, thus, he should not be required to forfeit the $71,730.24 alleged under Count 36. Defendant further argues that, because the conduct charged in Count 32 and Counts 34 through 36 did not affect interstate commerce, the money at issue in those counts should not be subject to forfeiture.

Pursuant to 18 U.S.C. § 982(a)(1), "[t]he court, in imposing sentence on a person convicted of an offense in violation of [18 U.S.C. § 1957], shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1). "Property 'involved in' an offense include[s] the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense." *United States v. Hawkey*, 148 F.3d 920, 927 (8th Cir. 1998) (alteration in original) (quoting *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998)) (internal quotation marks omitted). "Property 'traceable to' means property where the acquisition is attributable to the money laundering scheme rather than from money obtained from untainted sources." *Id.* at 928 (quoting *Bornfield*, 145 F.3d at 1135). A preponderance of the evidence standard applies to forfeitures under 18 U.S.C. § 982(a)(1). *Myers*, 21 F.3d at 829.

In this case, the court finds that the government has proven by a preponderance of the evidence that a total of $186,730.24 was "involved in" Count 32 and Counts 34 through 36. The court rejects Defendant's argument that the $71,730.24 alleged in Count 36 is not subject to forfeiture because "there is no substantial connection between . . . Defendant's activity and any criminal activity." Resistance at 2. The $71,730.24 represents the money laundered; thus, the money was "involved in" the commission of the crime charged in Count 36 and is subject to forfeiture. Defendant's second argument—that the conduct charged in Count 32 and Counts 34 through 36 did not affect interstate commerce—is also without merit. At trial, the government presented evidence that the financial institutions involved in Count 32 and Counts 34 through 36 are FDIC-insured. *See* Government Exhibits 11 (docket no. 125-4), 11a (docket no. 125-5), 11b (docket no. 125-6) and 11c (docket no. 125-7). The Eighth Circuit Court of Appeals has held that evidence that the offense involved an FDIC-insured institution is sufficient to satisfy the interstate-commerce requirement in 18 U.S.C. § 1957. *See United States v. Wadena*, 152 F.3d 831, 853 (8th Cir. 1998). Thus, the court finds that a total of $186,730.24 was "involved in" the commission of the crimes charged in Count 32 and Counts 34 through 36.

## IV. CONCLUSION

In light of the foregoing, the court finds that a total of $983,060.24 is subject to forfeiture. The parties are **DIRECTED** to proceed in a manner that is consistent with this order.

**IT IS SO ORDERED.**

**DATED** this 15th day of June, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA